IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LOS VIGILES LAND GRANT
and MIKE MARTINEZ,

        Plaintiffs,

v.                                                   CIV. No. 10-411 JP/WDS

REBAR HAYGOOD RANCH, LLC,
ROCKY KNOB RANCH, LLC,
and JAMES AND FLORENCE HOWARD,

        Defendants.

MEMORANDUM OPINION AND ORDER

On May 26, 2010, Plaintiffs filed a Motion to Decline Jurisdiction Pursuant to Defendant's Notice of Removal and Remand to State Court (Doc. No. 7)(Motion to Remand). Having reviewed the affidavits, briefs and relevant law, the Court determines that the Motion to Remand should be granted and that this lawsuit should be remanded to the Fourth Judicial District Court, County of San Miguel, State of New Mexico.

*A. Background*

On March 26, 2010, Plaintiffs filed this lawsuit in the Fourth Judicial District Court, County of San Miguel, State of New Mexico. Plaintiffs allege that for more than ten years they accessed their properties by using an existing road which crosses all of Defendants' properties. Plaintiffs also allege that in January 2010 Defendant Rebar Haygood Ranch, LLC barred their access by welding shut gates across that road. Plaintiffs now seek a prescriptive easement across Defendants' properties, a judgment quieting title in Plaintiffs for the prescriptive easement, and injunctive relief to remove any impediments on the prescriptive easement.

On April 27, 2010, Defendants removed the state court action to the United States District Court for the District of New Mexico, basing the removal on federal diversity jurisdiction. *See* 28 U.S.C. § 1332. At the time of removal, Defendants provided several affidavits establishing diversity of citizenship, and one affidavit asserting that the amount in controversy exceeded $75,000.00. *See* 28 U.S.C. § 1332(a).

*B. Legal Standard*

Defendants may remove any action filed in state court to the appropriate federal district court if that district court has original federal jurisdiction. *See* 28 U.S.C. §1441. The federal district courts have original diversity jurisdiction over all claims between citizens of different states where the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). The Court may look to the cost to the defendant or to the benefit to the plaintiff to decide whether the amount in controversy requirement has been satisfied. *Justice v. Atchison, Topeka, and Santa Fe Ry. Co.*, 927 F.2d 503, 505 (10th Cir. 1991). The removing party also bears the burden of proving by a preponderance of the evidence sufficient facts to establish federal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). Additionally, it is well-established that there is a presumption against federal jurisdiction when a party removes a claim to federal court. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995).

*C. Analysis*

The parties dispute only whether the amount in controversy has been met. Defendants contend that they have shown that the amount in controversy is more than $75,000.00 because members of Defendant Rebar Haygood Ranch, LLC, stated in an affidavit that if Plaintiffs are granted relief in this case, the value of Defendant Rebar Haygood Ranch, LLC would be reduced by more than $75,000.00. The affiants, however, failed to explain why or how Defendant Rebar

Haygood Ranch, LLC would lose that much value.  Plaintiffs, on the other hand, submitted an affidavit from a forestry contractor who concluded that it would cost only $10,000.00 to build a new road circumventing Defendants' properties.  Plaintiffs argue that this $10,000.00 cost constitutes the amount in controversy.  Plaintiffs also submitted an affidavit by the President of Defendant Los Vigiles Land Grant, Lalo Lovato, who stated that appraisers and real estate agents in the area verify that a prescriptive easement would not devalue Defendants' properties by $75,000.00, if at all.

Defendants, as the removing parties, have the burden of proving by a preponderance of the evidence facts to support diversity jurisdiction, including, in this instance, the amount in controversy.  *Martin*, 251 F.3d at 1290.  Defendants' evidence consists merely of one conclusory and unfounded affidavit asserting that the amount in controversy is over $75,000.00.  Plaintiffs' affidavits, however, are well-founded and directly challenge Defendants' allegation that the amount in controversy exceeds $75,000.00.  An examination of the affidavits provided by the parties clearly indicates that the Defendants have failed to carry their burden of showing by a preponderance of the evidence that they have met the amount in controversy required for diversity jurisdiction.  Taking into account Defendants' failure to carry their burden and the presumption against removing cases to federal court, the Court will grant the Motion to Remand for lack of federal jurisdiction and will remand this case to state court.

IT IS ORDERED that Plaintiffs' Motion to Decline Jurisdiction Pursuant to Defendant's Notice of Removal and Remand to State Court (Doc. No. 7) is granted and that this case will be remanded to the Fourth Judicial District Court, County of San Miguel, State of New Mexico.

_____
SENIOR UNITED STATES DISTRICT JUDGE