IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LOS VIGILES LAND GRANT
and MIKE MARTINEZ,

    Plaintiffs,

vs.                                                                                  Civ. No.  10-411 JP/WDS

REBAR HAYGOOD RANCH, LLC,
ROCKY KNOB RANCH, LLC, and
JAMES AND FLORENCE HOWARD,

    Defendants.

MEMORANDUM OPINION AND ORDER

On August 19, 2010, Defendants filed a Motion for Reconsideration (Doc. No. 25). Having reviewed the Motion for Reconsideration and the relevant law, the Court determines that the Motion for Reconsideration should be denied.

*A. Background*

On August 9, 2010, the Court granted Plaintiffs' Motion to Decline Jurisdiction Pursuant to Defendants' Notice of Removal and Remand to State Court (Doc. No. 7) based on lack of federal subject matter jurisdiction. Memorandum Opinion and Order (Doc. No. 21). On the same day, the Court remanded this case to the Fourth Judicial District Court, County of San Miguel, State of New Mexico.  Remand Order (Doc. No. 22).  On August 10, 2010, this Court's Clerk of the Court mailed a certified copy of the Remand Order and the original case file to the Fourth Judicial District Court.  Doc. No. 23.  The Fourth Judicial District Court received the certified copy of the Remand Order and the original case file no later than August 16, 2010.  *See* Doc. No. 24.  Defendants then filed their Motion for Reconsideration on August 19, 2010 requesting that the Court reconsider the Remand Order "because the affidavits submitted by Plaintiffs and relied

upon by the Court are untrue." Motion for Reconsideration at 1.

*B. Discussion*

As an initial matter, the Court must first determine whether it has subject matter jurisdiction to decide the Motion for Reconsideration. *See, e.g., 1mage Software, Inc. v. Reynolds and Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) ("Federal courts 'have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party,' thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'") (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506, 514 (2006)). 28 U.S.C. §1447(c) provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(d) states that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise." The Tenth Circuit Court of Appeals has interpreted the "seemingly unqualified language of the first clause of §1447(d)" to prohibit appellate review of a remand order which is based on the grounds for remand described in §1447(c), i.e., lack of subject matter jurisdiction or a defect in the removal procedure. *Miller v. Lambeth*, 443 F.3d 757, 759 (10th Cir. 2006) (citations omitted). Accordingly, a federal appellate court has subject matter jurisdiction "to review a remand order only if (1) the remand was for a reason other than lack of subject matter jurisdiction or a defect in the removal procedure or (2) the 'except' clause of §1447(d) gives [the court] jurisdiction because the case

was removed under 28 U.S.C. §1443 (governing certain civil rights cases)." *Id*.

Although §1447(d) clearly applies to federal appellate review of remand orders, the Tenth Circuit has not decided whether §1447(d) also applies to a district court's review of its own remand order. However, numerous federal appellate and district courts have held that §1447(d) applies to a district court's reconsideration of its own remand order. *See First Union Nat. Bank of Florida v. Hall*, 123 F.3d 1374, 1377 (11th Cir. 1997) (citations omitted); *In re Lowe*, 102 F.3d 731, 734 (4th Cir. 1996); *Browning v. Navarro*, 743 F.2d 1069, 1076 n.21 (5th Cir. 1984); *In re La Providencia Development Corp.*, 406 F.2d 251, 252-53 (1st Cir. 1969). *See also Allen v. Allstate Ins. Co.*, 2010 WL 519855 *1-2 (D.N.M.) (unpublished decision); *Maggio Enterprises, Inc. v. Hartford Cas. Ins. Co.*, 132 F.Supp.2d 930, 931 (D. Colo. 2001); *Consolidated Doors, Inc. v. Mid-America Door Co.*, 120 F.Supp.2d 759, 764-65 (E.D. Wis. 2000); *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 67 F.Supp.2d 1242, 1244-45 (D. Kan. 1999); *Creekmore v. Food Lion, Inc.*, 797 F.Supp. 505, 510 (E.D. Va. 1992); *City of Valparaiso, Ind. v. Iron Workers Local Union No. 395*, 118 F.R.D. 466, 468 (N.D. Ind. 1987). The holdings in those cases and in *Miller* indicate, uniformly, that §1447(d) prohibits this Court from reviewing its Remand Order and considering the Motion for Reconsideration because 1) the Court remanded the case based on lack of subject matter jurisdiction, and 2) this is not a civil rights case filed under §1443.

The Court further observes that the Motion for Reconsideration was filed after the Fourth Judicial District Court received a certified copy of the Remand Order. Most courts have determined "that, upon the state court's receipt of [a certified copy of the remand order], the federal court loses power to vacate the order to remand, even if the federal court becomes persuaded that the order was erroneous." Wright, Miller, Cooper, & Steinman, 14C *Federal*

3

*Practice and Procedure* §3739 at 902-06 (2009). Consequently, once the Fourth Judicial District Court received a certified copy of the Remand Order, the Court lost subject matter jurisdiction to decide the Motion for Reconsideration. The Court will, therefore, deny the Motion for Reconsideration for lack of subject matter jurisdiction.

    IT IS ORDERED that the Motion for Reconsideration (Doc. No. 25) is denied.

_____
SENIOR UNITED STATES DISTRICT JUDGE